29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dario D. DICESARE, Defendant-Appellant.
 No. 93-50816.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 22, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dario Dicesare appeals the district court's denial of his motion for a new trial without an evidentiary hearing after a jury convicted him of committing narcotics offenses and assaulting a Drug Enforcement Agency (DEA) officer with a deadly weapon in violation of 21 U.S.C. Sec. 841(a)(1), 18 U.S.C. Secs. 2, 111. Dicesare claims that evidence he discovered after his conviction warrants a new trial where he could prove either that he was entrapped or that the government engaged in outrageous conduct. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for abuse of discretion a district court's denial of a motion for a new trial based upon newly discovered evidence. United States v. Steel, 759 F.2d 706, 713 (9th Cir.1985). A defendant seeking a new trial bears the burden of showing, among other things, that the new evidence " 'would probably produce an acquittal' " on retrial. Id. (quoting United States v. Krasny, 607 F.2d 840, 842-43 (9th Cir.), cert. denied, 445 U.S. 942 (1979)).
 
 
 4
 Entrapment is established when it is shown by undisputed evidence that a government agent has persuaded an unwilling person to commit a crime. United States v. Smith, 802 F.2d 1119, 1124-25 (9th Cir.1986). "If the defendant is predisposed to commit the crime, then the entrapment defense is unavailable." Id.
 
 
 5
 Outrageous government conduct has warranted reversal only once in this circuit. See Greene v. United States, 454 F.2d 783 (9th Cir.1971). In that case, we concluded that government agents had manufactured the crime by contacting suspected bootleggers, supplying them with equipment and sugar at wholesale price, and purchasing their product. There, "no crime would have been committed absent the government's interference and engineering of the crime." Smith, 802 F.2d at 1125.
 
 
 6
 Here, Dicesare gave Hart, a confidential informant, five kilograms of cocaine on July 25, 1989. On September 12, 1989, authorities arrested Dicesare after he received two packages containing 11 kilograms of cocaine. Hart testified at Dicesare's trial, and Dicesare was convicted.
 
 
 7
 Dicesare alleged in his motion for a new trial that Hart's girlfriend, Mendez-Frei, had worked with Hart as a confidential informant, and that the government failed to divulge her participation in his case. The government produced sound evidence that Mendez-Frei played no part in the investigation of Dicesare.
 
 
 8
 We need not review this evidence, however, because even if we accept Dicesare's assertions that Mendez-Frei "located [him] as a target, arranged for Hart to meet [him], and assured [him] of Hart's bona fides," we do not see how this information might have helped his defense. Dicesare does not explain how Mendez-Frei induced him to sell cocaine against his will, nor does he dispute the government's claim that he declined to seek an entrapment instruction at his first trial so as to avoid having the government disclose his recent criminal history in trafficking cocaine. In sum, there is no evidence to suggest that Dicesare was a reluctant pusher. See Smith, 802 F.2d at 1124-25.
 
 
 9
 Dicesare likewise fails to make a plausible showing that he was a victim of outrageous government conduct. Even if Mendez-Frei participated in bringing Dicesare to justice, he does not suggest that she supplied the cocaine he gave to Hart. The story he would have told the jury falls short of showing that "no crime would have been committed without" Mendez-Frei. See id.; Greene, 454 F.2d at 786-87.
 
 
 10
 Dicesare failed to show how the "new evidence" he discovered might have produced an acquittal. See Krasny, 607 F.2d at 842-43. We discern no abuse of discretion in the district court's denial of his motion for a new trial. See Steel, 759 F.2d at 713.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3